Filed 9/21/21  P. v. Gibson CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B308074 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA058991) |
| v. | |
| MALCOLM DARCELL GIBSON, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Tomson T. Ong, Judge.  Reversed and remanded.

David Y. Stanley, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior

Assistant Attorney General, Idan Ivri and Daniel C. Chang, Deputy Attorneys General, for Plaintiff and Respondent.

———————————

Malcolm Darcell Gibson, convicted in 2005 of first degree felony murder, appeals the superior court's order denying his petition for resentencing under Penal Code section 1170.95[1] based on the court's finding Gibson had not made a prima facie showing he was entitled to relief. Gibson contends, and the Attorney General concedes, the superior court erred by prematurely engaging in factfinding not permitted before issuing an order to show cause and conducting an evidentiary hearing. We agree, reverse the order denying Gibson's petition and remand with directions to issue an order to show cause and to conduct further proceedings in accordance with section 1170.95, subdivision (d).

**FACTUAL AND PROCEDURAL BACKGROUND**

1. *Gibson's Felony-murder Conviction*

Our opinion affirming Gibson's judgment of conviction, which Gibson attached to his petition for resentencing, describes the evidence presented at trial and the jury's verdict. (*People v. Gibson* (July 26, 2006, B184170) [nonpub. opn.].)

Wayne Williams, a friend of Gibson's family, owned a restaurant and sold sports jerseys, which he kept in his truck, as a side business. On October 22, 2003 Gibson made several attempts to meet with Williams at the restaurant, ostensibly for the purpose of purchasing a jersey. Gibson finally arranged to meet Williams after the restaurant closed at a location near Gibson's mother's house. Gibson waited at the location with a

---

[1] Statutory references are to this code.

friend, Derrick Roalston, who Gibson understood wanted to rob Williams. After Williams arrived at the meeting location and Gibson and Roalston had started looking through the jerseys, Roalston took out a gun and told Williams he was going to take one of the jerseys. Williams responded that Roalston would have to kill him to do so. According to Gibson, who was interviewed by the police after his arrest and testified in his defense at trial, Roalston then fired several shots, one hitting Williams, another striking Gibson. Roalston ran from the scene. Gibson, who could tell Williams had been shot, also left the scene without helping Williams, going first to a friend's house and then to his girlfriend's house, where his mother picked him up early the next morning. Williams died from the gunshot wound.

The jury found Gibson guilty of first degree felony murder and found true the special allegation a principal had been armed with a firearm during the commission of the offense. The trial court sentenced Gibson to an aggregate indeterminate state prison term of 26 years to life.

On appeal we rejected Gibson's argument the evidence was insufficient to support the jury's finding he had aided and abetted in the robbery that resulted in Williams's death, as well as several claims of instructional and evidentiary error and his contention his attorney had provided constitutionally ineffective assistance of counsel. (*People v. Gibson*, *supra*, B184170.)

2. *Gibson's Petition for Resentencing*

On January 14, 2019 Gibson, representing himself, filed a petition for resentencing under section 1170.95 and requested the court appoint counsel to represent him in the resentencing proceedings. Gibson checked several boxes on the printed form petition establishing his eligibility for resentencing relief,

including the boxes stating he had been convicted under a felony-murder theory and could not now be convicted of first or second degree murder because of changes made to sections 188 and 189 by Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015) (Senate Bill 1437), effective January 1, 2019.

The court appointed counsel to represent Gibson and ordered briefing pursuant to section 1170.95, subdivision (c), by the district attorney. The district attorney filed an opposition memorandum, conceding Gibson had been convicted on a felony-murder theory, but arguing Gibson was not eligible for resentencing because he had been a major participant in the robbery of Williams and had acted with reckless indifference to human life within the meaning of sections 189, subdivision (e)(3), and 190.2, subdivision (d), as clarified by the Supreme Court in *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*). Gibson, through appointed counsel, filed a reply memorandum.

The court heard argument from counsel at a hearing on September 21, 2020, which focused on whether the evidence at trial established Gibson satisfied the *Banks/Clark* factors that would preclude resentencing relief under section 1170.95. The court denied the petition, explaining, "If [Gibson] did not arrange the meeting, the codefendant in this case, the shooter, would not have known this person. This person would not have been at the location. He set up this killing. He set up this robbery that resulted in the killing. And the worst part is, you know, he did not die from his shot, you know, but Mr. Williams did. . . . And the more important thing is that [Gibson] did not do anything to aid [Williams], you know. Tells me that, from what Mr. Gibson did, that this was a cold, cold person, that set up a friend of the

4

family, who was good to him and his family. . . . So cold and so callous."

Gibson filed a timely notice of appeal.

## DISCUSSION

1. *Senate Bill 1437 and the Section 1170.95 Petition Procedure*

Senate Bill 1437 substantially modified the law relating to accomplice liability for murder, eliminating the natural and probable consequences doctrine as a basis for finding a defendant guilty of murder (*People v. Gentile* (2020) 10 Cal.5th 830, 842-843 (*Gentile*)) and significantly narrowing the felony-murder exception to the malice requirement for murder. (§§ 188, subd. (a)(3), 189, subd. (e)(3); see *People v. Lewis* (2021) 11 Cal.5th 952, 957 (*Lewis*).) It also authorized, through new section 1170.95, an individual convicted of felony murder or murder based on the natural and probable consequences doctrine to petition the sentencing court to vacate the conviction and be resentenced on any remaining counts if he or she could not have been convicted of murder because of Senate Bill 1437's changes to the definition of the crime. (See *Lewis*, *supra*, 11 Cal.5th at p. 957; *Gentile*, at p. 843.)

If the section 1170.95 petition contains all the required information, including a declaration by the petitioner that he or she was convicted of murder and is eligible for relief (§ 1170.95, subd. (b)(1)(A)), section 1170.95, subdivision (c), requires the court to appoint counsel to represent the petitioner, if requested; to direct the prosecutor to file a response to the petition and permit the petitioner to file a reply; and to determine if the petitioner has made a prima facie showing that he or she is entitled to relief. (See *Lewis*, *supra*, 11 Cal.5th at pp. 962-963.)

5

In determining whether the petitioner has carried the burden of making the requisite prima facie showing he or she falls within the provisions of section 1170.95 and is entitled to relief, the superior court properly examines the record of conviction, "allowing the court to distinguish petitions with potential merit from those that are clearly meritless." (*Lewis*, *supra*, 11 Cal.5th at p. 971.) However, "the prima facie inquiry under subdivision (c) is limited. Like the analogous prima facie inquiry in habeas corpus proceedings, the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause. . . . However, if the record, including the court's own documents, contain[s] facts refuting the allegations made in the petition, then the court is justified in making a credibility determination adverse to the petitioner." (*Id.* at pp. 970-971, internal quotation marks omitted; see *People v. Daniel* (2020) 57 Cal.App.5th 666, 675, review granted Feb. 24, 2021, S266336 [any error in denying petition at prima facie stage without appointing counsel is harmless if the record of conviction "conclusively demonstrates" petitioner is ineligible for relief].)

If the section 1170.95, subdivision (c), prima facie showing has been made, the court must issue an order to show cause and hold an evidentiary hearing to determine whether to vacate the murder conviction and resentence the petitioner on any remaining counts. (§ 1170.95, subd. (d)(1).) At the hearing the prosecution has the burden of proving beyond a reasonable doubt that the petitioner is ineligible for resentencing. (§ 1170.95, subd. (d)(3); *People v. Rodriguez* (2020) 58 Cal.App.5th 227, 230, review granted Mar. 10, 2021, S266652; *People v. Lopez* (2020)

6

56 Cal.App.5th 936, 949, review granted Feb. 10, 2021, S265974; but see *People v. Duke* (2020) 55 Cal.App.5th 113, 123, review granted Jan. 13, 2021, S265309.) The prosecutor and petitioner may rely on the record of conviction or offer new or additional evidence to meet their respective burdens. (See *Gentile*, *supra*, 10 Cal.5th at pp. 853-854.)

> 2. *The Superior Court Erred in Denying Gibson's Petition Without an Evidentiary Hearing*

Gibson's petition complied with the statutory requirements of section 1170.95; and his declaration, if accepted as true, made a prima facie showing of eligibility for relief. The superior court's contrary ruling was based on its finding that Gibson could still be convicted of murder under the felony-murder rule.

At the time of Gibson's trial, section 189 permitted a conviction for felony murder by imputing malice to a participant in an inherently dangerous felony, including robbery, that resulted in homicide. (See *People v. Chun* (2009) 45 Cal.4th 1172, 1184.) As amended by Senate Bill 1437, section 188, subdivision (a)(3), now prohibits imputing malice based solely on an individual's participation in a crime and requires proof of malice to convict a principal of murder except under the revised felony-murder rule as set forth in new section 189, subdivision (e). Section 189, subdivision (e), in turn, limits the felony-murder exception to the malice requirement to situations in which the defendant was the actual killer (subdivision (e)(1)), aided or abetted the underlying serious felony with the intent to kill (subdivision (e)(2)), or was a major participant in the felony and acted with reckless indifference to human life (subdivision (e)(3)), as those terms have been clarified by the

7

Supreme Court in *Banks, supra,* 61 Cal.4th 788 and *Clark, supra,* 63 Cal.4th 522.

Gibson does not fall into either of the first two felony-murder categories. It is undisputed Roalston, not Gibson, shot Williams during the robbery; and the district attorney did not contend, nor did the readily ascertainable facts show, that Gibson had acted during the robbery with an intent to kill. Rather, the superior court's ruling was predicated on the third felony-murder category, implicitly finding that Gibson had been a major participant in the robbery and had acted with reckless indifference to human life. Those findings are necessarily fact-intensive. (See *In re Scoggins* (2020) 9 Cal.5th 667, 683 [determining whether a defendant was a major participant in an underlying felony who acted with reckless indifference to life within the meaning of the special-circumstance statute "requires a fact-intensive, individualized inquiry"]; *In re Parrish* (2020) 58 Cal.App.5th 539, 542 [Supreme Court has prescribed "a fact-intensive and individualized inquiry" to determine whether the evidence demonstrates reckless indifference and major participation].)

The Attorney General acknowledges, although there is evidence that Gibson could still be convicted of murder under the felony-murder rule, the record of conviction does not establish as a matter of law that he is ineligible for resentencing as a major participant in the robberies who acted with reckless indifference to human life. The superior court's ruling that Gibson could still be convicted of first degree murder required the court to weigh the evidence, including Gibson's credibility in describing his motivation and role in the robbery, and to engage in factfinding,

8

activities not permitted under section 1170.95 prior to the issuance of an order to show cause.

As the court of appeal explained in *People v. Drayton* (2020) 47 Cal.App.5th 965, 980: "[W]hen assessing the prima facie showing, the trial court should assume all facts stated in the section 1170.95 petition are true. [Citation.] The trial court should not evaluate the credibility of the petition's assertions, but it need not credit factual assertions that are untrue as a matter of law . . . . However, this authority to make determinations without conducting an evidentiary hearing pursuant to section 1170.95, subd[ivision] (d) is limited to readily ascertainable facts from the record (such as the crime of conviction), rather than factfinding involving the weighing of evidence or the exercise of discretion (such as determining whether the petitioner showed reckless indifference to human life in the commission of the crime)." (Accord, *Lewis*, *supra*, 11 Cal.5th at p. 971 ["'[a] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing'"]; *People v. Duchine* (2021) 60 Cal.App.5th 798, 815 ["the time for weighing and balancing and making findings on the ultimate issues arises at the evidentiary hearing stage rather than the prima facie stage, at least where the record is not dispositive on the factual issues"].)

Accordingly, as both parties agree, the matter must be remanded for the superior court to conduct an evidentiary hearing in accordance with section 1170.95, subdivision (d).

## DISPOSITION

The order denying Gibson's section 1170.95 petition is reversed.  On remand the superior court is to issue an order to show cause and to conduct further proceedings in accordance with section 1170.95, subdivision (d).


PERLUSS, P. J.

We concur:



SEGAL, J.



FEUER, J.

10